**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID ENGLISH,  :
 : Civil Action No. 05-5748 (FLW)
      Plaintiff,  :
 :
    v.  : **O P I N I O N**
 :
OFFICER J.D. WILLIAMS, et al.,  :
 :
      Defendants.  :
_____:

    DAVID ENGLISH, Plaintiff pro se
    #167177
    Camden County Correctional Facility
    #230 800
    P.O. Box 90431
    Camden, New Jersey 08102

WOLFSON, District Judge:

    This matter is before the Court on plaintiff's application to file a civil complaint without either an in forma pauperis application, or the requisite prepayment of the $250.00 filing fee.[1]  For the reasons set forth below, the Court is statutorily prohibited from granting in forma pauperis pauperis status to plaintiff, pursuant to 28 U.S.C. § 1915(g).  Accordingly, the Court will direct plaintiff to pay the full filing fee within 30 days.

---

[1] At the time plaintiff submitted this Complaint for filing, the filing fee was $250.00.  Effective, April 9, 2006, the civil action filing fee for district court increased to $350.00.

## I.  BACKGROUND

Plaintiff, David English ("English"), is presently incarcerated at the Camden County Correctional Facility in Camden, New Jersey.  He alleges claims of false arrest and racial profiling against defendants, Camden police officers J.D. Williams, G. Rodriguez, and several John Doe officers.  Plaintiff did not prepay the $250.00 filing fee, nor did he submit a complete application to proceed in forma pauperis.

## II.  DISCUSSION

The Prison Litigation Reform Act of 1995, enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ."  28 U.S.C. § 1915(g).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent

danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed three actions in the United States District Court for the District of New Jersey, which have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. See English v. Armstrong, et al., Civil No. 05-2029 (JBS); English v. Camden County Correctional Facility, et al., Civil No. 95-285 (JBS); and English v. Fratto, et al., Civil No. 95-284 (JBS). Thus, English has now met the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g). Therefore, as the Complaint in this action does not contain allegations reasonably suggesting that English is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), English may not proceed in forma pauperis.

### III.  CONCLUSION

For the reasons set forth above, this Court finds that plaintiff is not eligible to proceed in forma pauperis in this matter. He will be given 30 days from the date of entry of the Order accompanying this Opinion to prepay the $250.00 filing fee. If English does not pay the fee within the above 30-day period,

his complaint will be deemed withdrawn.  An appropriate Order follows.

                                          <u>S/Freda L. Wolfson</u>
                                          FREDA L. WOLFSON
                                          United States District Judge

DATED: May 23, 2006